IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN T. JONES,

                Plaintiff,        Case No. 3:12 CV 2986

   -vs-

                                MEMORANDUM OPINION
COMMISSIONER OF SOCIAL               AND ORDER
SECURITY,

                Defendant.

KATZ, J.

Before the Court is Plaintiff, Karen T. Jones', (hereinafter "Plaintiff"), proceeding *pro se*, motion to compel production of documents filed on April 15, 2013. The same is before the Court pursuant to Plaintiff's objections (Doc. No. 19) to Magistrate Judge Greg White's Order denying Plaintiff's motion to compel production of documents (Doc. No. 18), which is before the Court pursuant to referral under Local Rule 72.2(b). The Commissioner of Social Security (hereinafter "Commissioner") filed a reply (Doc. No. 20) to Plaintiff's objection to Magistrate Judge White's Order.

In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) and *Hill v. Duriron Co.,* 656 F.2d 1208 (6th Cir. 1981), this Court has made a *de novo* determination of the Magistrate Judge's findings to which Plaintiff objects. For the reasons stated herein, this Court denies Plaintiff's objections and will affirm the Magistrate Judge's Order/Recommendation.

Plaintiff argues that the record filed by the Commissioner on March 12, 2013 is incomplete because it omits her initial application and determination. She had previously received supplemental social security income ("SSI") as a child. However, pursuant to 20 C.F.R. § 416.987(a) and (b), the Commissioner is to *redetermine* the eligibility of an individual who had received SSI as a child when that individual attains the age of 18, and that redetermination is based

on the rules for adults who file new applications. In making that redetermination, the Commissioner concluded that Plaintiff was no longer eligible for SSI.

The record before the hearing officer contained evidence from the time period in December 2008 when Plaintiff turned 18, but does not contain evidence with respect to her application as a child for SSI and the determination thereof. As noted by the Magistrate Judge the transcript filed by the Commissioner contained all relevant information and documentation needed to make a determination of eligibility as an adult.

This Court agrees with the Magistrate Judge that a determination at the age of 18 for social security eligibility is to be considered a new application that involves a different standard and is not treated as a continuance of the prior disability. Therefore, "prior initial determinations or decisions" do not include decisions or determinations made on Plaintiff's behalf as a minor. (20 C.F.R. § 405.360).

Plaintiff also claims that the Commissioner ignored her written request for a copy of her initial application and disability determination, claiming same was a violation of the Privacy Act, 5 U.S.C. § 522(a). As noted by the Magistrate Judge, the responsive letter from the hearing officer indicated that a complete copy of the file was enclosed. Since Plaintiff's previous SSI application as a minor was not at issue, failing to include it was immaterial.

For the foregoing reasons, as more fully articulated by the Magistrate Judge's Order (Doc. No. 18), Plaintiff's objections are denied and that Order is adopted by this Court.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE