IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN T. JONES,

                Plaintiff,                Case No. 3:12 CV 2986

-vs-

                                        MEMORANDUM OPINION
COMMISSIONER OF SOCIAL                AND ORDER
SECURITY,

                Defendant.

KATZ, J.

    Plaintiff Karen T. Jones received supplemental security income as a child, but, after she turned 18, the Commissioner of Social Security re-determined her eligibility and denied ongoing benefits. Ms. Jones filed this action requesting judicial review of that determination. Pursuant to the local rules, the Court referred the matter to Magistrate Judge Greg White for preparation of a Report and Recommendation on the merits of Ms. Jones' claims. *See* Local Rule 72.2. As her case pended, Ms. Jones filed a motion to compel production of documents. (Doc. 15.) Magistrate Judge White denied that. (Order, Doc. 18.) Ms. Jones filed an objection to that denial (Doc. 19) and this Court denied the objection and affirmed the Magistrate Judge's Order (Doc. 22). Now, Ms. Jones' motion to reconsider the Court's denial of her objection to the Magistrate Judge's Order is before the Court. (Doc. 23.)[1]

    Because Ms. Jones' motion to compel was a pretrial motion that was not dispositive, the referral to Magistrate Judge White was for a ruling on it (as opposed to referring it to the Magistrate Judge to prepare an R&R). *Compare* Fed. R. Civ. P. 72(a) (nondispositive matters) *with id.* at (b) (findings and recommendations on dispositive motions). District Court judges owe deference to magistrate judges'

---

[1] Magistrate Judge White's Order denied both Ms. Jones' motion to compel (Doc. 15) and her motion for an extension of time to review the documents produced (Doc. 16). Presumably because the extension of time is only relevant if the motion to compel is granted, Ms. Jones' motion to reconsider only addresses the motion to compel.

orders on nondispositive matters and must affirm the order unless it is clearly erroneous or contrary to law. Rule 72(a); Moore's Federal Practice § 72.11[1][b] (3d ed. 2013). This Court did precisely that when it affirmed Magistrate Judge White's Order denying Ms. Jones' motion to compel; Ms. Jones pointed to no portion of the Order that was clear error or contrary to law and the Court affirmed the Order. (Doc. 21.)

Ms. Jones does not cite a particular rule when she asks the Court to reconsider its affirmance of the Magistrate Judge's Order. Nevertheless, the Court has the power to reconsider its orders entered prior to final judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59 of the Federal Rules of Civil Procedure . . ."). The standard to vacate such an order, however, is relatively high. *See Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012) ("[A] district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.").

Thus, Ms. Jones' motion to reconsider faces a doubly high standard: to prevail, she would need to show that this Court's Order was clearly erroneous, *Nolfi*, when it affirmed the Magistrate Judge's Order, *and* that the Magistrate Judge's Order was clearly erroneous when it denied her motion to compel. Rule 72(a). Ms. Jones has met neither of these burdens, much less both.

Ms. Jones devotes a fair amount of her brief to arguing the merits of her social security case. (Doc. 23; *see also* Plaintiff's Objection to Magistrate Judge Greg White's Recommendations, Doc. 19.) This, however, is premature. Magistrate Judge White has yet to issue an R&R on the merits of Ms. Jones' claim; his order addressed only the motion to compel (albeit, they relate to each other). Ms. Jones' argument, in short, is that the Commissioner should presume her to be mentally retarded as an adult because the Social Security Administration awarded her benefits after making such a determination

2

when she was a child. Her motion to compel requested documents and records that supported that—in particular, her childhood application and benefits determination. The Magistrate Judge's Order noted that her current record contains information from her childhood, but contained neither the childhood application for benefits nor the determination of disability. It also noted that the code requires a redetermination of benefits within one year after a claimant turns 18 and the Commissioner must evaluate that redetermination as a new application. In other words, the prior determination of disability from mental retardation is immaterial, as is her prior application; Ms. Jones must meet the standard as an adult.

Ms. Jones cites *Hodges v. Barnhart* for the proposition that one's IQ remains fairly constant through life, so where mental retardation once existed, it can be presumed to still exist. 276 F.3d 1265, 1268 – 69 (11th Cir. 2001). What Ms. Jones asks, though, is not that her mental retardation be presumed to still exist, but that her finding of disability be presumed to still exist. She cites no authority for this proposition and the Code indicates the opposite. 20 C.F.R. § 416.987(b) ("When we redetermine your eligibility, we will use the rules for adults (individuals age 18 or older) who file new applications explained in § 416.920(c) through (h).").

Ms. Jones filing has provided the Court with no indication that its affirmance of the Magistrate Judge's Order was incorrect or that the Magistrate Judge's Order was incorrect. Much less, Ms. Jones has provided no indication that either was clearly erroneous so she has not met the standard necessary for the Court to reconsider its affirmance of the Magistrate Judge's nondispositive Order denying her motion to compel. The Court denies Ms. Jones' motion to reconsider.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE