IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN T. JONES,

         Plaintiff,      Case No. 3:12 CV 2986

  -vs-

                   MEMORANDUM OPINION

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

KATZ, J.

  This matter is before the Court on Magistrate Judge Greg White's Report and Recommendation (Doc. 27) and plaintiff Karen T. Jones' objection to that report (Doc. 28). The R&R recommends the Court dismiss the action for want of prosecution, or, in the alternative, affirm the Commissioner's decision on the merits. Ms. Jones generally objects to the R&R and, following a *de novo* determination, the Court adopts the R&R's latter recommendation and affirms the Commissioner's decision. 28 U.S.C. § 636(b)(1); *Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992) (defining the district judge's role: "[T]he judge makes a *de novo* review of the pertinent record; considers carefully the magistrate judge's report and recommendation; and then indicates his or her reasons, as briefly, succinctly and reasonably expressed as the case requires, for the court's decision.").

  The R&R accurately recites and summarizes this case's procedural history. In short, Ms. Jones received Supplemental Security Income as a child, apparently related to a determination regarding intellectual functioning. When she turned 18, the Commissioner redetermined her eligibility using the standard that applies to new applicants. 20 C.F.R. § 416.987(b) ("When we redetermine your eligibility, we will use the rules for adults (individuals age 18 or older) who file new applications explained in § 416.920(c) through (h)."). Ms. Jones asserts in her motion to

compel that, because one's IQ remains fairly constant through life, *Hodges v. Barnhart*, 276 F.3d 1265, 1268–69 (11th Cir. 2001), the Commissioner should presume her previous disability determination to still exist into her adulthood.

The Magistrate Judge is correct that the Court gave Ms. Jones multiple opportunities to file a merits brief and she did not file one. Normally this would result in a dismissal for want of prosecution, but this case contains two interwoven considerations that steer the Court to consider the merits. First, Ms. Jones argued the merits of her case in her motion to compel (Doc. 15), her objection to the decision on that motion (Doc. 19), and her motion to reconsider the Court's holding on her objection (Doc. 23). Second, Ms. Jones is *pro se*, and while this does not afford her the right to neglect easily understood deadlines, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), it does incline the Court to consider the merits already argued in Ms. Jones' three substantive filings in lieu of a properly filed merits brief. For this reason, the Court does not adopt the R&R's recommendation that the matter be dismissed for want of prosecution and turns to the merits.

Ms. Jones filed a general objection to the R&R and does not identify any specific point of error in the Magistrate's findings: "Plaintiff's response to the Court's Order and Report & Recommendation is simply I Karen Jones respectfully objects. [sic]" (Doc. 28.)

The Local Rules of the Northern District of Ohio grant a party fourteen days from receipt of service to challenge a Magistrate Judge's R&R by filing specific objections identifying the portions of the R&R to which he or she objects. Local Rule 72.3(b). As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to properly file an objection.

The objections must be clear enough to enable the District Court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A general objection to a Magistrate Judge's R&R that fails to specify the issues in contention does not satisfy this requirement. So long as a party was properly informed of the consequences of failing to object, therefore, filing of a general objection constitutes a waiver of further review by the district court.

In this case, the Magistrate Judge filed an R&R on July 30, 2013, and, within that, filed a notice specifically warning Ms. Jones that she had fourteen days in which to file objections or possibly waive her right to appeal. Because she did not identify any specific portions of the Magistrate Judge's findings to which she objects; nor did she identify any specific issues of contention, the Court finds that Defendant has waived his objections.

Furthermore, the Court has reviewed the R&R and determined that the Magistrate Judge's findings are correct. For these reasons, the Court rejects Ms. Jones' Objection (Doc. 28) and adopts the Magistrate Judge's Report and Recommendation affirming the Commissioner's denial of disability insurance benefits (Doc. 27). Case closed.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE